Gardner v. Risher.

JOHN R. GARDNER v. ISRAEL D. RISHER.

1. UNLIQUIDATED DAMAGES, *When a Set-Off.* Unliquidated damages arising from contract may constitute a set-off against a note secured by a chattel mortgage; and if such unliquidated damages exceed the mortgage debt, the mortgagee is not entitled to the possession of the property described in the mortgage, as against the mortgagor, asserting such unliquidated damages and pleading the same in an action founded upon the note and mortgage.

2. SET-OFF, *Not Defeated by Assignment.* When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other a set-off could have been set up, neither can be deprived of the benefit of such set-off by the assignment of the other. (Civil Code, § 100.)

*Error from Butler District Court.*

ACTION originally commenced and tried before a justice of the peace. The following is the plaintiff's bill of particulars, omitting name of justice and title:

"Plaintiff, Israel D. Risher, complains of the defendant, John R. Gardner, and says that the plaintiff is the owner of the following-described and valued property, to wit: One red cow, with some white in the face or forehead, said cow being a little more than five years old, and of the value of thirty-five dollars; that said plaintiff is entitled to the immediate possession of said cow; that said property is wrongfully detained from said plaintiff by said defendant, John R. Gardner; that said property was not taken in execution or on an order or judgment against plaintiff, or for payment of any tax, fine or amercement assessed against plaintiff, or by virtue of any order issued in replevin, or any other mesne or final process; that by reason of such unlawful detention of said property by defendant, this plaintiff has sustained damages in the sum of forty-five dollars. Wherefore, plaintiff prays judgment against defendant for the return of said property and for said damages, and for all other proper relief in the premises."

An appeal was taken to the district court, and trial had January 22, 1885, by the court, the parties waiving a jury.

Upon the request of defendant, the court made and filed the following findings of fact:

"1. On the 25th day of February, 1884, plaintiff made and delivered to Herman Litzkie two notes for fifty-five dollars, due in two and six months respectively, and bearing interest at 12 per cent. per annum from date, and at the same time to secure the payment of these two notes made and delivered to said Herman Litzkie a mortgage upon the property replevied in this action, being a cow, which mortgage provided that if the said indebtedness should be paid when due, the mortgage should become void, and further provided that if the indebtedness was not paid when due, the mortgagee might take the property and sell it at public or private sale; and that until default should be made, the property should remain in the possession of the plaintiff.

"2. The plaintiff made payments upon said indebtedness as follows: On August 4, 1884, twenty-eight dollars; on September 29, 1884, twenty dollars; and on October 4, 1884, thirteen $\frac{68}{100}$ dollars.

"3. On or about the 20th day of February, 1884, the plaintiff and said Herman Litzkie entered into a contract whereby Litzkie agreed to furnish to plaintiff one hundred and fifteen head of cattle to be herded by plaintiff during the herding season of 1884, and to furnish to plaintiff a pony for herding purposes during such season, and furnish the necessary salt with which to salt said cattle during said season, and to pay plaintiff for herding said cattle the sum of fifteen cents per head per month for said season, and the plaintiff agreed to herd said cattle during said season for said compensation; that the herding season opened during the month of May, in 1884, and continued for about five months; that the plaintiff procured the use of extra pasture land and made other necessary arrangements for the herding of said cattle for said season; that plaintiff had a son capable of herding said cattle in connection with all other cattle plaintiff was herding for said season; that plaintiff engaged in herding cattle during the herding season of 1884, and could have herded said cattle of Litzkie under said contract without additional expense; that the said Herman Litzkie wholly failed to furnish plaintiff any cattle to be herded during any part of said season under said contract or otherwise; that the plaintiff sustained damages by reason of the breach of said contract on the part of said Litzkie in the sum of eighty-five dollars; that if said cattle had

been furnished by Litzkie as agreed, the contract of herding by plaintiff would have been fulfilled before the taking of the property hereinafter stated.

"4. On or about the 6th day of October, 1884, the said Herman Litzkie took possession of said mortgaged property under and claiming the right so to do by virtue of said mortgage; that defendant Gardner was present with Litzkie at the time of such taking said property.

"5. At the time Litzkie took said mortgaged property as aforesaid in the presence of defendant Gardner, the plaintiff notified Litzkie that he considered said mortgage debt fully paid, and demanded the surrender of said notes and mortgage.

"6. Said Litzkie, claiming to act under the provisions of said mortgage, sold said property to defendant at private sale to satisfy said mortgage debt.

"7. The said property is of the value of thirty dollars.

"8. The value of the use of said property from the commencement of this action until this trial, is the sum of ten dollars.

"9. Except as affected by said mortgage and the proceedings thereunder, the plaintiff was the owner of said property at the time of this action."

Thereon the court made the following conclusions of law:

"1. The taking of the property by said Herman Litzkie under said mortgage, was unauthorized and wrongful.

"2. The sale of said property by said Herman Litzkie to defendant, John R. Gardner, was unauthorized and conveyed no title.

"3. The plaintiff is entitled to recover of the defendant in this action the property replevied and the sum of thirty dollars, in case a return of said property cannot be had; and the plaintiff is further entitled to recover of the defendant the sum of ten dollars, his damages for the detention of said property."

The defendant excepted to the findings of fact and conclusions of law, and filed a motion for judgment upon the findings of fact, which was overruled. He filed a motion for a new trial, which was also overruled. Judgment was entered upon the findings in favor of the plaintiff, that he recover from the defendant the personal property described in the bill of particulars, and in case a return of the property could not

be had, that he recover $30 for the value of the property. It was also adjudged that the defendant pay all costs. To the rulings and judgment the defendant excepted, and brings the case here.

*T. O. Shinn*, for plaintiff in error.

*C. A. Leland*, and *A. L. L. Hamilton*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action originated in a justice's court. Subsequently, it was appealed to the district court, and there, upon the trial, the parties waived a jury and submitted the case to the court, with the request that the court find the facts specifically and state its conclusions of law thereon. This was done. The facts found are substantially these: On February 25, 1884, Israel D. Risher, plaintiff below, executed to Herman Litzkie two notes for fifty-five dollars, due in two and six months respectively, and bearing interest at twelve per cent. per annum from date; to secure the payment of these notes, Risher executed to Litzkie a mortgage upon a cow — the property replevied in this action — which provided, among other things, that if the indebtedness was not paid when due, the mortgagee might take the property and sell it at public or private sale. It was further provided therein that until default should be made, the property should remain in the actual possession of the mortgagor. Risher paid $61.68 upon the notes. On February 20, 1884, Risher and Litzkie entered into a contract whereby Litzkie agreed to furnish to plaintiff 115 head of cattle to be herded by the plaintiff during the herding season of 1884; Litzkie wholly failed to furnish any cattle to be herded under his contract, and Risher sustained damages by reason of the breach thereof in the sum of $85. On October 6, 1884, after such damages had accrued to Risher, Litzkie took possession of the cow embraced in the mortgage, claiming the right so to do by virtue thereof. At this time, Risher notified Litzkie that on account of the damages which

had accrued to him by reason of the breach of the contract before mentioned, the mortgage debt was fully satisfied, and thereupon he demanded the surrender of the notes and mortgage. Litzkie refused to assent to the claim of Risher, but sold the property, which was of the value of $30, at private sale, to John R. Gardner, the defendant below, who was present when Litzkie took the mortgaged property and had notice from Risher that he was the owner of the cow, and that the mortgage debt was satisfied as above stated. Subsequently, Risher brought his action in replevin against Gardner to obtain possession of the cow.

The $61.68 which Risher had paid upon the notes secured by the mortgage, together with the $85 claimed by him as damages by reason of the breach of the contract upon the part of Litzkie, greatly exceeded the balance due upon the notes and mortgage. The question in the case therefore is, whether Risher had the right to off-set against the notes and mortgage the damages he claimed against Litzkie. We think he had 1. Unliquidated the right to off-set his damages, and that Litzkie damages, when a set-off. acted at his peril in taking the cow. The only claim he had to the cow was under the mortgage, and his interest in the property depended upon the amount due him from the mortgagor, after deducting all payments and legal off-sets. His claim, therefore, was founded on contract, and in this state any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, constitutes a set-off against any action founded on contract. (Civil Code, §§ 94, 98; *Stevens v. Able*, 15 Kas. 584.) The law relating to set-offs in this state has been broadened to embrace claims not recognized as such by the laws of many other states; hence, the cases of *Gates v. Smith*, 2 Minn. 30; *Keightley v. Walls*, 24 Ind. 205; and *Warner v. Comstock*, 22 N.W. Rep. 664, do not apply.

Gardner purchased the cow with notice of Risher's rights. His defense, or rather his claim, in the action was founded upon the notes and mortgage executed by Risher to Litzkie. If nothing was due upon the notes and mortgage, or if Risher

7 — 35 KAS.

had a valid off-set to the same at the time Litzkie took possession of the cow, then Gardner obtained no title or right thereto, if Risher's set-off was relied upon and pleaded by him in any action or proceeding founded upon the notes and mortgage. Section 100 of the civil code provides:

"When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counter-claim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other; but the two demands must be deemed compensated so far as they equal each other."

(*Leavenson v. Lafontane*, 3 Kas. 523; *Turner v. Crawford*, 14 id. 499; *Sponenbarger v. Lemert*, 23 id. 55.) So here,

2. Set-off, not defeated by assignment.

Risher cannot be deprived of the benefit of his set-off on account of the sale or transfer of the mortgaged property to Gardner, who had full knowledge of Risher's set-off at the time he purchased.

The judgment of the district court will be affirmed.

VALENTINE, J., concurring.

JOHNSTON, J.: I do not concur. Under our statutes a set-off can only be pleaded in an action founded on contract. (Civil Code, § 98.) This was an action of replevin, which is in the nature of a tort, and is founded upon the wrong of the defendant and not upon contract. I think, therefore, that the adjudication of a claim between the plaintiff and defendant's vendor in this action was erroneous.