## BRADEN v. GULF COAST LUMBER CO.

No. 11145—Opinion Filed May 1, 1923.

(Syllabus.)

1. **Set-Off and Counterclaim — Subjects of Set-Off—Unliquidated Demands.**

In this state any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off, and be pleaded as such in any action founded upon contract.

2. **Statutes—Statute from Another State—Construction.**

Where a statute is taken from another state which had been previously construed by the highest court of that state, the statute is deemed to have been adopted with the construction so given it.

3. **Set-Off and Counterclaim — Claim Arising Under Contract.**

In an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same.

4. **Set-Off and Counterclaim — Test of Validity.**

The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by the Gulf Coast Lumber Company against Jess Braden, sole trader under the name of Braden Lumber Company, for balance due on account. Judgment for plaintiff, and defendant appeals. Reversed

Geo. B. Rittenhouse, Gordon Stater, and P. T. McVay, for plaintiff in error.

Wilson, Tomerlin & Threlkeld, for defendant in error.

MASON, J. This action was instituted by the defendant in error, as plaintiff below, against the plaintiff in error, Jess Braden, sole trader under the name of Braden Lumber Company, for balance due in the sum of $236.80 for lumber sold by the plaintiff and purchased by the defendant. Hereafter, for convenience, the parties will be referred to as they appeared in the trial court.

Thereafter, the defendant filed a demurrer to plaintiff's petition, which was later withdrawn, and his answer was filed, in which he admitted that he purchased the lumber of plaintiff as set forth in plaintiff's petition, and that the balance due thereon, as set forth in plaintiff's petition, had not been paid.

The defendant also filed a counterclaim and set-off, consisting of two causes of action. In the first cause of action he alleges that the plaintiff shipped one car of lumber intended for the defendant, but billed to itself, to Miami, Okla.; that through the negligence and carelessness of said plaintiff no bill of lading was sent to the defendant, and that he was not notified of the arrival

of. said car of lumber for several weeks thereafter; that by reason of said negligence and carelessness of plaintiff, the defendant was compelled to pay the demurrage to the railroad company in the sum of $76.80.

In the second cause of action the defendant alleges that, on the 2d day of November, 1917, he placed an order with the plaintiff for certain lumber, which order was thereafter accepted and acknowledged by said company; that subsequently the price of said lumber advanced and the plaintiff notified the defendant that, on account of the scarcity of labor at their Sour Lake Mill, they were no longer operating their planer at that point and were obliged to decline to make the shipment under said order; that a few weeks subsequent the plaintiff quoted defendant prices on the same kind and quality of lumber which were greatly in excess of the prices under the above contract. The defendant further alleges that, by reason of the failure on the part of plaintiff to deliver said order, he was damaged in the sum of $160.

The defendant further alleges that he has paid all of said account to plaintiff except the amount of damages he is entitled to under his first and second causes of action of his set-off and counterclaim. The defendant prays judgment that the plaintiff take nothing by said action, and that the defendant have judgment on his first cause of action in the sum of $76.80; and on his second cause of action in the sum of $236.80, and that said sums be set off against the sum found due the plaintiff.

Thereafter, on March 8, 1919, the plaintiff filed its reply, denying all of the allegations of the defendant's answer, except such as was admitted in plaintiff's petition.

Thereafter, on the 21st day of March, 1919, the trial court, upon motion of plaintiff, permitted the plaintiff to file its motion to strike the counterclaim and set-off from the answer of defendant, upon the grounds that said causes of action were entirely redundant and immaterial to the cause sued on by the plaintiff, and were not assertions of any claim or cause of action arising out of, or in any way connected with the original cause of action sued on by the plaintiff herein.

The record discloses that, on April 14, 1919, the motion to strike the first cause of action of the counterclaim and set-off, relating to said sum of $76.80 for demurrage, was overruled, and the same was sustained as to the second cause of action, and the same was stricken from the answer of defendant, for the reason that said claim was unliquidated.

It further appears that, on the 21st day of October, 1919, the case was called for trial and, after a jury was duly selected to try said cause, the plaintiff moved for judgment in the sum of $160, with interest and cost, the same being the amount sued for by the plaintiff, less $76.80, the amount prayed for in defendant's first cause of action, which the plaintiff confessed, which motion was by the court sustained, and judgment rendered for the plaintiff for said amount of $160, from which judgment the defendant appeals.

Plaintiff in error relies upon several assignments of error for reversal in this case, the second of which is all we deem necessary to consider. In the second specification of error he contends that the trial court erred in sustaining the motion of plaintiff to strike the second cause of action in defendant's counterclaim and set-off. Therefore, the main question for our consideration is, "Whether or not said second cause of action of defendant's answer was a proper item of set-off." If so, the trial court erred in sustaining the motion to strike said cause and in rendering judgment for the plaintiff.

The 3d paragraph of section 273, Comp. Okla. Stat. 1921, in part, provides as follows:

"* * * The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. Each must be separately stated and numbered, and they must refer, in an intelligible manner, to the causes of action which they are intended to answer."

Section 274, supra, in part, reads as follows:

"* * * Provided, that either party can plead and prove a set-off or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such set-off shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his set-off or counterclaim against the liability sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

Section 275, supra, provides as follows:

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract or ascertained by the decision of a court."

These statutes are clearly applicable to this case. The defendant in error having declared upon a contract, upon which he seeks to recover in this case, the plaintiff in error was entitled to offset the claim arising to him by virtue of any contract due by the defendant in error.

It appears from the record that the trial court sustained the motion to strike defendant's second cause of action from his answer on the ground that the claim was unliquidated, "and an improper set-off because of the fact that it is unliquidated."

It is to be observed that no further qualification is required by the statute than that the action in which a set-off is pleaded must be "an action founded on contract," and that the set-off pleaded in such an action "must be a cause of action arising upon contract." Whether the action of the plaintiff is a liquidated or an unliquidated claim is wholly immaterial. Likewise, whether the set-off of the defendant is liquidated or unliquidated is wholly immaterial, as the statutes do not require either.

In the case of A. L. Stevens v. Thomas Able, 15 Kan. 584, we quote from the syllabus, as follows:

"In this state any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off, and be pleaded as such in any action founded upon contract, whether such action be for a liquidated demand or for unliquidated damages."

In the body of the opinion, supra, p. 441, Mr. Justice Valentine, speaking for the court, uses the following language:

"The construction that we have given these statutes is in accordance with the entire spirit of the Code, which attempts as far as possible to have all matters of controversy between the litigating parties determined in one action." See Axford v. Hubbell, 24 Kan. 444; Gardner v. Risher, 35 Kan. 93, 10 Pac. 584; Raymond Bros. v. Green & Co., 12 Neb. 215, 10 N. W. 709.

The case of Stevens v. Able, supra, was decided by the Supreme Court of Kansas in the year of 1875, which was 18 years before the statutes therein construed were adopted by Oklahoma in the Statutes of 1893; the case of Axford v. Hubbell, supra, was decided by said court in 1880, or 13 years before the statutes therein construed were adopted by Oklahoma; and the case

of Gardner v. Risher, supra, was decided by the Supreme Court of Kansas in 1886, or seven years before the adoption of the statutes therein construed by Oklahoma.

Hence, under the general rule of construction that statutes taken from a sister state are taken with the construction placed thereon by the courts of last resort, our statutes quoted, supra, were adopted with the construction placed thereon in the Kansas cases above cited.

In the case of St. Louis & S. F. R. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103, this court held in the 3rd paragraph of the syllabus as follows:

"Where a statute is taken from another state which had been previously construed by the highest court of that state, the statute is deemed to have been adopted with the construction so given it." See Vowell v. Taylor et al., 8 Okla. 625; Territory of Oklahoma ex rel. City of Oklahoma v. J. M. Robertson and Howard Hays, 19 Okla. 149, 92 Pac. 144; Nellie Brown et al. v. Mary Massey, 19 Okla. 482, 92 Pac. 246; C. W. Jarrell et ux. v. G. H. Block, 19 Okla. 467, 92 Pac. 167.

The plaintiff further contends in its brief that the defendant's second cause of action was not a proper set-off, and that the trial court did not err in sustaining plaintiff's motion to strike it, for the reason that it was founded on a wholly different transaction from that sued on by the plaintiff. We cannot say that we agree with plaintiff's contention, but we may concede that he is correct, and that the defendant's second cause of action was founded on a wholly different transaction from that of the plaintiff's cause of action, and still we cannot say that said cause of action does not constitute a proper set-off under the sections of the statutes quoted, supra.

Plaintiff cites no cases in support of its contention; however, this court, in the case of Mowatt v. Shidler et al., 66 Okla. 303, 168 Pac. 1169, in the 1st paragraph of the syllabus, held the following:

"In an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same."

The defendant in error cites the case of Johnson v. Acme Harvesting Mach. Co., 24 Okla. 468, 103 Pac. 638, and argues at considerable length in its brief the applicability of said case, and contends that the court below was actuated in sustaining said motion to strike defendant's second cause of

action by the holding of this court in said case. We cannot agree with the defendant in error that this case sustains its contention. In this case the Acme Harvesting Machine Company, then owner of a note executed by the defendant, brought suit to recover on same, and the defendant attempted to set off damages sustained by him as a result of a breach of a separate contract by the Acme Harvesting Company to which the plaintiff was not a party. The trial court struck out the defendant's counterclaim and rendered judgment against him. On appeal, the trial court was affirmed. It may be observed, however, that this case is not applicable to the case at bar. In the case at bar, the defendant was attempting to set-off a claim founded on contract between the plaintiff and defendant. while in the Acme Harvesting Machine Company Case, supra, the defendant was attempting to set off damages sustained as result of a contract with a company other than plaintiff in the case.

In the body of the opinion, supra, p. 470. this court quotes approvingly from Mr. Nash's work on Pleading, Practice and Forms (vol. 1. par. 306) as follows:

"The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. In other words, the statement of a counterclaim is a petition by the defendant against the plaintiff, and must contain facts which constitute a cause of action. If it does not, a demurrer will lie to it. Bassear v. Livingston, 13 N. Y. 248; Vasseur v. Livingston, 4 Duer (N. Y.) 285."

For the reason stated, we are of the opinion that the trial court erred in striking the second cause of action of the defendant's answer. This cause is therefore reversed, with instructions to grant defendant a new trial and proceed otherwise in conformity with the views herein expressed.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.