**CARDWELL LYMAN SALES CO. v. HOLLISTER et al.**

No. 11462—Opinion Filed June 12, 1923.

Rehearing Denied Oct. 23, 1923.

Second Rehearing Denied April 8, 1924.

1. **Set-Off and Counterclaim—Unliquidated Damages.**

The matter pleaded by the defendant Hollister by way of set-off and counterclaim against the plaintiff was proper, although the claim was for unliquidated damages for breach of contract, since the contract claimed to have been breached was between plaintiff and defendant.

2. **Same.**

In this state, any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off and be pleaded as such in an action founded upon contract.

3. **Principal and Agent—Authority of Agent —Instruction.**

In this case the court did not err in refusing to give the jury a requested instruction upon the part of the plaintiff submitting the question of the authority of the plaintiff's agent, with whom the defendant claimed to have contracted, it appearing that plaintiff had accepted the benefits of such contract, thereby having ratified the same.

4. **Appeal and Error—Harmless Error—Instructions—Measure of Damages.**

In submitting the measure of defendant's damages for breach of contract by the plaintiff, although the court may have failed to make a technically correct declaration of the law, the same will not work a reversal of the judgment for the defendant for damages, when no objections to the instruction given were pointed out to the court, and where no proper instruction was requested, and the verdict of the jury shows that the rights of plaintiff were in no way prejudiced by the failure of the court to submit the proper measure of damages to the jury.

5. **Same.**

No substantial error appears in this record prejudicial to the complaining party.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Cardwell Lyman Sales Company against S. L. Hollister and O. B. Addington on promissory notes. Judgment for defendant Hollister on her cross-petition. Plaintiff brings error. Affirmed

Green & Pruet, for plaintiff in error.

Bridges & Vertrees and S. A. Horton, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error here, the Cardwell Lyman Sales Company, filed its suit in the district court of Jefferson county, on the 25th day of September, 1919, against the defendants below, S. L. Hollister and O. B. Addington, defendants in error here, charging that on

the 6th day of March, 1919, the defendants made, executed, and delivered to the plaintiff their three certain promissory notes in the sum of $372.22 each, due two, four, and six months after date, with interest at the rate of eight per cent., and ten per cent. additional as attorney's fees.

On the 9th day of October, 1919, defendants filed an answer and cross-petition to the following effect: By way of answer defendants admitted the execution of the notes and that they have no defense to said notes. By way of cross-petition the defendant S. L. Hollister makes claim against the plaintiff to the following effect: (1) That some time in the month of March, 1919, the plaintiff, by verbal agreement, employed the cross-petitioner S. L. Hollister as an agent to make sales of Cleveland tractors in all parts of Jefferson county except the town of Ryan, and agreed to pay as commission for the sale of any tractor the sum of $257. That pursuant to this contract the cross-petitioner sold one tractor, and thereupon plaintiff became indebted to the cross-petitioner in the sum of $257, which is now due and unpaid. (2) The cross-petitioner contends that after this first sale the plaintiff breached its agency contract with cross-petitioner, and contracted with certain other agents, whose names are unknown to cross-petitioner, and that such agent or agents for the plaintiff have sold in Jefferson county some eight or ten tractors upon which the cross-petitioner is entitled to recover a commission because of the contract with the plaintiff. Cross-petitioner further alleges that the purchasers of these tractors were unknown, but that by reason of the fact that the defendant, or cross-petitioner, could and would have made the sale of at least ten tractors for the plaintiff, which would thereby entitle the cross-petitioner to commissions amounting to $2,500, and by reason of the breach of this contract, cross-petitioner has been damaged in said sum, and asks judgment thereupon, and that said sum be set off against the judgment which the plaintiff is entitled to recover, and for costs of the action.

The plaintiff attacked this cross-petition with a motion to strike, (1) because the matters stated in the cross-petition in no way constitute a defense to this action; (2) that the cross-petition introduces matter not arising out of the same transaction; and (3) that the matters stated in the cross-petition do not state a ground for set-off or cross-petition in favor of the defendant and against the plaintiff.

On the same date the plaintiff filed its demurrer to the cross-petition, for the following reasons: (1) That the matter stated in the cross-petition constitutes no defense to plaintiff's action; (2) that the cross-petition introduces matter not arising out of the same transaction nor out of the same subject-matter; (3) that the cross-petition causes a misjoinder of parties; (4) that the matters stated in said cross-petition do not state a ground for set-off or cross-petition as recognized by law; and (5) that the cross-petition does not state facts sufficient to entitle the defendant and cross-petitioner to recover against the plaintiff.

Thereafter, and on the same day, the court overruled plaintiff's motion to strike and plaintiff's demurrer, to which ruling of the court the plaintiff excepted, and the plaintiff thereafter filed a general denial of the new matter set up in the cross-petition of the defendant. Thereafter the court sustained plaintiff's motion for judgment on the pleadings for the amount sued for. A jury was empaneled and sworn to try the issues framed by the cross-petition of the defendant Hollister and the reply of the plaintiff thereto. Upon the announcement of rest by both parties, the court submitted the cause to the jury by his instructions and the jury returned a verdict in favor of the defendant Hollister against plaintiff on the cross-petition, in the sum of $1,000, upon which verdict judgment was rendered in favor of the defendant and cross-petitioner S. L. Hollister, and in due course motion for new trial was filed by the plaintiff and overruled by the court, and the plaintiff appeals, and the case is here for review.

The plaintiff in error makes, in substance, the following assignments of error: (1) That the court erred in overruling the motion of plaintiff in error for a new trial. (2) That the court erred in overruling the motion of plaintiff to strike the cross-petition of the defendant Hollister. (3) That the court erred in overruling the demurrer of the plaintiff to said cross-petition. (4) That the court erred in admitting incompetent, irrelevant, and immaterial testimony. (5) That the court erred in rejecting material, competent, and relevant testimony. (6) That the court erred in overruling the motion of the plaintiff for an instructed verdict at the close of the evidence, and in overruling the demurrer of the plaintiff to the evidence offered by defendant in error in support of her cross-petition. (7) That the court erred in submitting instructions Nos. 6 and 7 and in refusing instruction No. 1 requested by the plaintiff. (8) That the verdict is not sustained by sufficient evidence and is contrary to the law.

Plaintiff in error discusses these assignments under three heads:

(1) "The court erred in permitting the cross-petition to be set up as a counterclaim and cross-petition to plaintiff's action."

(2) "The court erred in refusing the instruction requested by plaintiff."

(3) "The court, by both evidence admitted and instructions given, permitted the recovery on speculation, no proper evidence or instructions being before the jury on the issue of damages."

We shall first examine the question raised by the plaintiff in error by its motion to strike the cross-petition of S. L. Hollister and by its demurrer thereto, for the reason that the matters set up therein constitute no defense to plaintiff's action, and are not a proper subject of cross-petition against the plaintiff in this suit. If the contention of plaintiff is sustained, it will necessarily work a reversal of this case without reference to what took place in the trial of the issues made by the cross-petition of Hollister and the reply of the plaintiff thereto.

The defendant S. L. Hollister sought to treat the matter set up in her cross-petition as a counterclaim or set-off against the claim of the plaintiff.

There seems to have been two distinct and separate claims made by the defendant Hollister against the plaintiff. The first was for the sum of $257 owing by plaintiff as commission earned by the defendant in selling one Cleveland tractor. This was an item growing out of a contract for services performed under contract. The second was for damages in the sum of $2,500 for a breach of contract which she says was entered into by and between herself and the plaintiff. and which she alleged plaintiff breached.

Under the holdings of this court in Braden v. Gulf Coast Lumber Co.. 89 Okla. 215, 215 Pac. 202. in an opinion by Mr. Justice Mason, both the items of commission due and damages for breach of contract pleaded by the defendant Hollister were phoper subject of set-off and counterclaim against the notes sued on by the plaintiff.

In that case the court laid down the rule in the first, third, and fourth paragraphs of the syllabus as follows:

"In this state any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off and be pleaded as such in any action founded upon contract.

"In an action against one upon contract,

he may off-set or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same."

"The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant."

The law as declared in that case is controlling here, and the trial court did not err in holding these matters pleaded by the defendant as a proper set-off and counterclaim against the plaintiff's cause of action.

The plaintiff assigns as error the refusal of the court to give the requested instruction which is as follows:

"Gentlemen of the jury, you are instructed that the defendants base the counterclaim upon an alleged contract made with an agent of plaintiff company, and in this connection you are instructed that the defendant, in dealing with this said agent was charged with knowledge of the authority under which he, as agent, acted, and if he did not have the authority to make the contract set out in plaintiff's cross-petition, then defendants would not be entitled to recover in this action for the reason that the law enjoined upon them the duty of investigating the extent of the authority of such agent to bind his principal in this case."

It was pleaded by the defendant Hollister that her contract with the plaintiff to sell Cleveland tractors was made by and through the agent of the plaintiff. In the trial of the case upon the issues raised by the defendant's cross-petition and plaintiff's reply thereto, there was competent testimony submitted to the jury tending to show not only that such contract was made by the plaintiff by and through its agents, but that two tractors had been sold by the defendant and that the plaintiff had settled with the defendant for her commission on one of the sales. That being the case, the plaintiff ratified the contract with the defendant and therefore there was no reason for submitting the question of the authority of the agent to the jury and the court did not err in refusing the requested instruction upon that point.

Plaintiff in error complains that the trial court did not instruct the jury as to the proper measure of defendant's damages, if any, sustained by her. It is to be noted that no requested instruction was asked by the plaintiff, and it does not appear that any specific objections to the court's instructions were pointed out. We think the instruction upon the defendant's measure of damages given by the court was not

all that it should have been. We think it would have been proper for the jury to have taken into consideration that the defendant would have been out some expense in the sale of tractors and that the net commission would thereby be reduced to less than $257 on each sale, and, further, it was the duty of the defendant to have attempted in a reasonable way to seek other employment, thereby tending to minimize her damages, and probably these matters should have been called to the attention of the jury by proper instructions, but even so, the proof in the case shows that the agents who superseded the defendant sold during the year 1919 nine tractors. It seems that the commission on the sale of a tractor was $257. The commission on nine tractors would have been $2,313. The proof further tended to show that the plaintiff owed the defendant $257 as commission on a tractor she sold before the contract was breached, as she claimed. In view of the fact that the defendant had, during the short time she was working, sold two tractors, we think it is neither unreasonable nor speculation that she could have and would have sold substantially as many tractors as the agents that plaintiff afterwards put on the work. If so, she would have earned a commission of $2,313 in addition to the commission on the one already sold, and certainly some substantial part of it would have been net profit. The jury returned a verdict in favor of the defendant for $1,000. As the matter was in proof, they evidently took into consideration the commission of $257 already earned ,and allowed her the sum of $743 for any net commission she might have earned if the c o n t r a c t had not been breached. This was less than the commission on the sale of three tractors. Thus, it will be seen that if the jury entered into speculation or guess work, they resolved the matter against the defendant and in favor of the plaintiff.

Therefore, it is difficult to see how the most carefully drawn instruction could have produced any different result in favor of the plaintiff. We think the plaintiff was in no way prejudiced by the failure of the court to properly instruct the jury on the matter of the defendant's measure of damages.

We have carefully examined all the assignments of error presented and find no substantial error in the trial of the cause.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.