## CONSERVATIVE LOAN CO. v. SARKEY et al.

No. 11461—Opinion Filed June 12, 1923.

Rehearing Denied Oct. 9, 1923.

**1. Mortgage — Foreclosure — Parties Defendant—Grantor of Warranty Deed.**

Held, in this case, that the grantor is a proper party defendant in a case where a mortgagee seeks foreclosure of a mortgage against the grantee, when the grantor has given a general warranty deed, in effect warranting the title against the mortgage sought to be foreclosed.

**2. Same—Set-Off and Counterclaim.**

Held, in this case, that when the defendant M. N. Oliver, the grantor in the mortgage sought to be foreclosed, became a party defendant, his claim that the plaintiff in paying out on a loan granted by it had held out a certain sum of money which he should have received, is proper subject-matter for counterclaim and set-off against the mortgage sought to be foreclosed. Held, that the court did not err in overruling a motion to strike such claim, and likewise did not err in overruling a demurrer thereto.

**3. Set-Off and Counterclaim—Claims Allowable.**

In an action against one on contract, he may off-set or plead as a defense thereto any claim arising to him by virtue of any contract with one instituting same.

**4. Same—Test Applied.**

The validity of defendant's set-off and counterclaim pleaded against plaintiff is determined by the inquiry whether or not the same would constitute a cause of action in favor of the defendant and against the plaintiff, if the plaintiff had not brought his action.

**5. Limitation of Action—Defenses—Set-Off and Counterclaim.**

Held, that the subject-matter of defendant's set-off and counterclaim is not barred by limitation so long as the plaintiff's cause of action is not so barred.

**6. Appeal and Error—Harmless Error.**

Held, in this case, that the rulings and judgment of the trial court were not prejudicial to the plaintiff in error, and where the rulings and judgment are not prejudicial to the complaining party, though erroneous, it will not work a reversal of the trial court.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Conservative Loan Company against S. J. Sarkey for the foreclosure of a mortgage on real estate. M. N. Oliver, the grantor of Sarkey, appears and sets up defense to the note and mortgage sued upon. Plaintiff files motion to strike the answer of M. N. Oliver and also demurrer thereto, which motion and demurrer were overruled. Plaintiff elects to stand upon said motions and demurrers and brings error to this court. Affirmed.

C. F. Green, for plaintiff in error.

Wimbish & Duncan, for defendants in error.

Opinion by SHACKELFORD, C. This cause was commenced in the district court of Pontotoc county, on the 17th day of December, 1918, by the plaintiff in error, the Conservative Loan Company, a corporation, against S. J. Sarkey as defendant below, one of the defendants in error here, for the foreclosure of a second mortgage upon certain real estate located in said county to satisfy the balance on a promissory note of $194.60. The note and mortgage had been executed by one M. N. Oliver, the note being originally for the sum of $200. The instruments were dated February 1, 1913, and the mortgage recorded on the 12th day of March, 1913, and fell due February 1, 1915. This second mortgage was given subject to a first mortgage securing an indebtedness of $2,000. It seems that a small credit had been placed on the $200 note, reducing it to the amount of $194.60. No personal judgment was asked against the defendant Sarkey.

It appears that the property described in the mortgage was the property of M. N. Oliver at the time of the execution of the instruments herein sued upon. That some time after the execution and delivery of the note and mortgage, and after the mortgage had been recorded, Oliver sold the property to S. J. Sarkey, the original defendant in the action.

In due course Sarkey answered, first by general denial, and second, by way of further defense, he set up that he had bought the property from M. N. Oliver subject to the mortgage in the sum of $2,000, and that

Oliver had executed and delivered to him a general warranty deed, warranting against all other encumbrances, and further alleging that the claim made by the plaintiff, if a just and valid one, was a breach of the warranty contained in said deed, and that Oliver was liable to him for any amount which the plaintiff might recover against him, the said S. J. Sarkey, and prayed that M. N. Oliver be made a party to the suit, and for judgment against M. N. Oliver in any such sum as the plaintiff might recover against him, and for his costs.

It does not appear in the record whether M. N. Oliver was made a party defendant by order of court, but it does appear that on the 7th day of March, 1919. M. N. Oliver voluntarily appeared, and waived the issuance and service of summons, both on the petition of the plaintiff and the answer of defendant S. J. Sarkey.

It further appears that on the 22nd day of September, 1919, the plaintiff filed its motion to strike the answer of Sarkey, for the reason that it was not asking for any personal judgment against the said Sarkey, and that the defense set up by said defendant was not germane to the original controversy and was incompetent, irrelevant, and immaterial and raised no issue in the case. Thereafter, and on the 18th day of November, 1919, the plaintiff filed a demurrer to the answer of S. J. Sarkey on the grounds that the answer was not germane to the original controversy, and that the matters set up in the answer are not involved in a proper determination of the cause of action sued upon in the original petition, and that it does not state a defense to the action of the plaintiff to foreclose the mortgage.

It appears from the record that on the 5th day of August, 1919, M. N. Oliver filed his separate answer, admitting the execution and delivery of the note herein sued upon and the mortgage sought to be foreclosed. He further alleged that on the same date he executed and delivered to the plaintiff his promissory note in the sum of $2,000 with six per cent. interest per annum, secured by a first mortgage on the land described in plaintiff's petition, and that this note sued upon is what is known as a "commission note," but in truth and in fact represented interest on the said $2,000 note, and further alleged that plaintiff, through its authorized agent, one R. E. Brians, in delivering to him the proceeds of said loan, delivered the sum of $1,427.50 only, withholding from him the sum of $572.60, which the plaintiff holds and refuses to pay, which was done over his protest and objection. That at the time of the settlement, the mortgage and notes had been executed and delivered, and the mortgages placed of record, and he was compelled to accept the settlement, and alleged that the plaintiff is indebted to him in the sum of $572.60, together with interest thereon at the rate of six per cent. from the date of the $2,000 note. He also admits that he executed the $200 note, but says he is now entitled to have the $572.60 off-set against it, and prays for a judgment over in the sum of $372.60. By way of further cross-petition against plaintiff, and for his second cause of action, he alleges that the plaintiff, for the sum of $2,000 for ten years, has charged him interest at the rate of six per cent. and in addition thereto charged him the sum of $812.72; that the same was done intentionally and willfully and in violation of the laws of the state of Oklahoma concerning interest rates and was usurious and that by reason thereof plaintiff has become liable to the defendant Oliver for double the amount of said usurious interest which is the sum of $1,625.44, and prays judgment in said sum.

On the 18th day of November, 1919, the plaintiff filed its motion to strike the separate answer and cross-petition of M. N. Oliver, because the matters therein set up are not germane.

**Plaintiff likewise filed a demurrer to the** separate answer and cross petition of **M. N.** Oliver, setting up as to the first cause of action that there is a misjoinder of causes of action, and that the allegations of the first cause of action fail to state facts sufficient to constitute a cause of action against plaintiff and that the allegations show on their face that they are barred by the statute of limitations; and as against the second cause of action the grounds of plaintiff's demurrer were: (1) That the defendant's claims are barred by the statute of limitations; (2) That the allegations were insufficient in that they did not allege that any demand had ever been made for the return of the usurious interest; (3) that the action for the penalty of charging usurious interest is an exclusive one, and cannot be joined with any other action; and (4) that the allegations set forth in the second cause of action do not state a cause of action against plaintiff which would entitle the said M. N. Oliver to recover.

It appears that on December 6, 1919, these various motions and demurrers of the plaintiff were presented to the court, and the court overruled all of said motions and de-

murrers, and the plaintiff having announced in open court that it elected to stand upon its petition, motions, and demurrers, declined to plead further, and thereupon the court dismissed the action and rendered judgment against plaintiff for costs, to all of which plaintiff at the time excepted, and from which judgment plaintiff prosecutes this appeal, and the rulings of the court below are before this court for review.

The plaintiff in error, the Conservative Loan Company, assigns five specifications of error, as follows:

"(1) That the court erred in overruling the motion to strike the answer of S. J. Sarkey.

"(2) That the court erred in overruling the demurrer to the separate answer of S. J. Sarkey.

"(3) That the court erred in overruling the motion to strike the separate answer and cross-petition of M. N. Oliver.

"(4) That the court erred in overruling the demurrer to the separate answer and cross-petition of M. N. Oliver.

"(5) That the court erred in rendering judgment against the plaintiff for $7.80 costs, and dismissing its action."

Plaintiff in error argues these specifications of error under one head, and says:

"All these specifications of error can be argued under one head, and all go to the question of whether the trial court committed error in overruling the motion of plaintiff to strike the answer of defendant Sarkey, overruling the demurrer of plaintiff to the same answer; and overruling the motion of plaintiff to strike the answer and cross-petition of Oliver and overruling the demurrer of plaintiff to same. There are no other errors complained of."

We think that M. N. Oliver was a proper party defendant to this action, and had the right to set up any defense he might have against the cause of action presented by the plaintiff, since he had executed the note and mortgage sued on, and had conveyed the property mortgaged by warranty deed in effect warranting the title against the claim under the mortgage.

The question now arises as to whether the matters set up in his answer and cross-petition constituted defenses by way of set-off and counterclaim.

It appears Oliver executed three notes and two mortgages, all taken together as constituting one single business transaction between himself and the plaintiff, and the note sued on was one of the notes. He claimed in his first cause of action that when the plaintiff paid out on the loan, it withheld $572.60 of his money, which plaintiff owed, and set off that item as counterclaim, and asked for judgment over for $372.00.

In the second cause of action he claimed plaintiff had charged usury on the loan amounting to $812.73, and sued to recover double that amount.

We think, under the former decisions of this court, at least the matter set out in the first cause of action was germane and proper matter for counterclaim.

In Braden v. Gulf Coast Lumber Co. 89 Okla. 215, 215 Pac. 202, this court declared the law to be:

"In this state any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off, and be pleaded as such in any action founded upon contract.

"In an action against one upon contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting same.

"The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff if the plaintiff had not sued the defendant."

We think the law there declared is controlling here. Now, when Oliver had set up matter constituting a proper counterclaim against the plaintiff, which, if true, entitled him to judgment over against the plaintiff, it was a matter of no consequence whether the answer of Oliver's codefendant, Sarkey, remained in the record or was stricken out, and therefore, if the court erred in overruling the motion of the plaintiff to strike the answer of Sarkey, such error was in no wise prejudicial to the plaintiff, and the same is true of the court's ruling upon the plaintiff's demurrer to the answer of Sarkey.

If the matter set up in Oliver's first cause of action by way of counterclaim was germane, and a proper counterclaim, it follows that the same was not barred by the statute of limitations. Section 274, Comp. Stats. 1921, provides:

"* * * Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

It likewise follows that the court did not err in overruling the motion of plaintiff to

strike the answer and cross-petition of Oliver, and if any part of said answer and cross-petition set up a defense or proper set-off and counterclaims, same would be good as against a general demurrer.

As we see it, if Oliver could have shown upon the trial that $572.60 had been withheld from him and that plaintiff owed him that amount, and for the purposes of general demurrer the allegations of Oliver were admitted, he was entitled to a judgment over for the sum of $372.60 and the dismissal of the case was advantageous to the plaintiff to that extent.

There were some questions raised by the plaintiff as to the matters set up in the second cause of action by Oliver, in which he seeks to recover against plaintiff for usurious interest charged by plaintiff, but since there was no trial upon the cross-petition, and the cause was dismissed instead, we have concluded that it will not be necessary to decide the questions there raised, and that if the court erred in its rulings thereon the plaintiff was in no wise prejudiced thereby.

Finding no error in the record prejudicial to the appellant, we recommend that the judgment of the trial court dismissing the cause, and for costs against the plaintiff be in all things affirmed.

By the Court: It is so ordered.