### EYER et al. v. RICHARDS & CONOVER HDWE. CO.

No. 26366.   March 3, 1936.

Stuart, Bell & Ledbetter, for plaintiffs in error.

F. Leonard Sibel, for defendants in error.

PER CURIAM. We will refer to the parties as they appeared in the trial court; Richards & Conover Hardware Company as plaintiff, Aline Eyer and Roy G. Eyer as defendants.

Plaintiff brought an action in the district court of Oklahoma county, Okla., against defendants, upon two promissory notes of same date, and to foreclose a mortgage on certain real estate owned by the defendants.

Plaintiff's petition is in the usual form, praying for judgment on the notes and foreclosure of the mortgage.

The defendants filed an amended answer and cross-petition and an amended cross-petition.

Defendants predicate their cross-petition, set-off, and counterclaim on an oral contract of agency for the sale of radios, washing machines, and electric refrigerators, which the plaintiff furnished the defendants, and which defendants were to sell on the installment plan, taking the installment contracts on blank contract forms furnished by the plaintiff, and which the plaintiff was to take off the defendants' hands as the sales were made.

Plaintiff represented the machines to be suitable and fit for the trade and warranted the fitness of the same. Relying on the representations of plaintiff, the defendants executed the notes to plaintiff, and plaintiff delivered the machines to defendants.

After several of the machines were sold they proved unfit and unworkable for the purpose represented by plaintiff to the defendants; purchasers refused to pay for machines purchased from defendants and defendants refused to make further sales, and tendered back to plaintiff the machines which defendants then held in stock, together with the contracts covering sales of defective machines.

Allegations of breach of the oral contract, failure of consideration, breach of warranty of fitness, and damages to defendants in endeavoring, at the inducement of plaintiff, to sell the worthless machines are made.

The oral contract and the breach thereof is set out in detail in defendants' cross-petition, but for purpose in disposing of the errors complained of, we will not go further into the narrative.

A general demurrer was interposed by the plaintiff against the amended answer and the amended cross-petition filed by defendants, which was overruled by the court, after which plaintiff made reply by general denial.

The cause was regularly called for trial on October 16, 1934. Plaintiff moved for judgment on the pleadings, which was sustained. From the order and judgment of the court sustaining plaintiff's motion for judgment on the pleadings, this appeal is taken.

Defendants offer four assignments of error.

(1) "That the court erred in sustaining the motion of the plaintiff for judgment on the pleadings."

A disposition of this assignment will take care of the other three.

Plaintiff, defendant in error, briefs and argues that defendants are attempting to vary the terms of a written contract by

parol evidence. This we do not find to be borne out by the record.

1. The transactions between the parties were not reduced to writing. The consideration supporting the notes was the oral contract of agency and sale of radios, washing machines, and electric refrigerators. The notes are in the hands of immediate parties. A note in the hands of the payee is subject to all equitable defenses, such as failure or partial failure of consideration, breach of warranties of fitness, breach of conditions, fraud and defenses applicable to actions on contract. The law relating to bona fide holders of a negotiable note has no application in an action between the original parties to the note. State ex rel. Shull v. Ingle, 167 Okla. 377, 29 P. (2d) 959; Planters Trading Co. v. Golden Gro. Co., 139 Okla. 246, 281 P. 771; Harvey v. Thomas, 150 Okla. 106, 300 P. 772; Hagan v. Bigler, 5 Okla. 575, 49 P. 1011; 8 C. J. 717, sec. 1004.

2. The defendants answer plaintiff's petition by setting up, in addition to a general denial, an affirmative defense, a cross-petition, set-off and counterclaim.

"The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. * * *" Section 206, O. S. 1931.

3. A cause of action arising in favor of the defendant out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action, may be pleaded as a counterclaim. Wood & Co. v. Val Blatz Brewing Co., 112 Okla. 119, 240 P. 115.

The validity of a counterclaim is to be determined by the inquiry whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued the defendant. Braden v. Gulf Coast Lumber Co., 89 Okla. 215, 215 P. 202; Conservative Loan Co. v. Sarkey, 92 Okla. 257, 219 P. 107; Cardwell Lyman Sales Co. v. Hollister, 98 Okla. 231, 224 P. 966.

4. In this state any cause of action arising from contract, whether it be for a liquidated demand or for unliquidated damages, may constitute a set-off and be pleaded as such in any action by the plaintiff against the defendant founded upon contract. Braden v. Gulf Coast Lumber Co., 89 Okla. 215, 215 P. 202.

5. Analyzing defendants' amended answer and cross-petition, set-off and counterclaim, with amendments thereto, we find allegations setting up failure of consideration, breach of contract, breach of warranty of fitness, and for damages. When amended answer, with cross-petition and amendments thereto, was filed, plaintiff interposed a demurrer against it, and this was overruled by the trial court, which indicates that the facts stated constituted a cause of action by the defendants and against the plaintiff.

Applying the general rules of pleading in testing defendants' amended answer with cross-petition, and amendment to cross-petition, we hold that it states facts constituting a defense, and that the trial court erred in sustaining plaintiff's motion for judgment on the pleadings. Judgment should be and is set aside for further proceedings consistent herewith.

The Supreme Court acknowledges the aid of Attorneys F. A. Darst, S. F. Parks, and W. H. Kornegay in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Darst, and approved by Mr. Parks and Mr. Kornegay, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.