Joe M. MEYER and Wilma B. Meyer,
Plaintiffs in Error,

v.

S. S. VANCE and Inez W. Vance, Defendants
in Error.

No. 40427.

Supreme Court of Oklahoma.

Sept. 14, 1965.

R. M. Cowen, Tulsa, Tillman & Tillman, Pawhuska, for plaintiffs in error.

Chas. R. Gary, W. N. Palmer, Bert Lawton, Pawhuska, A. J. Kriete and Philip J. Kramer, Kriete & Kramer, by Philip J. Kramer, Philip Lewis Kramer, Sidney D. Wise, Tulsa, for defendants in error.

DAVISON, Justice.

This is an appeal upon the original record by Joe M. Meyer and Wilma B. Meyer (plaintiffs below) from an order and judgment of the District Court of Tulsa County sustaining the demurrer of S. S. Vance and Inez W. Vance (defendants below) to plaintiff's amended petition, and dismissing the action. The parties will be referred to by their trial court designations. Plaintiffs sued for $125,000 actual and exemplary damages, allegedly sustained as the result

of defendants wrongfully securing the appointment of a receiver for real estate in a prior mortgage foreclosure action, instituted by defendants against plaintiffs in the District Court of Osage County, Oklahoma.

Plaintiffs' suit for damages was based upon the following circumstances, that in August, 1960, plaintiffs purchased from defendants a business building, located in the City of Pawhuska, Osage County, Oklahoma; that there was an existing first mortgage on the property and, as a part of the purchase price, the plaintiffs gave defendants a $40,000 note, payable $350 per month, secured by a second mortgage on the property; and that on December 29, 1961, the defendants filed suit in the District Court of Osage County for judgment and foreclosure alleging default in the terms of the note and mortgage and insufficiency of the security and asking for appointment of S. S. Vance as receiver to take immediate possession of the property and the rents and profits thereof. Plaintiffs' petition herein further alleged that in the foreclosure action S. S. Vance (plaintiff there and defendant here) was appointed receiver, without bond being filed with the application and without notice to or consent of present plaintiffs (defendants there), and such appointment was neither necessary nor justified and was void and in contravention of 12 O.S. 1961, § 1552, which provides no party, or attorney, or person interested in an action, shall be appointed receiver therein except by consent of all parties thereto; that on January 18, 1962, plaintiffs (defendants there) filed a motion to vacate the receivership and discharge the receiver and the motion was sustained; and that by reason of the appointment of such receiver the present plaintiffs suffered loss by being deprived of the possession and control and rents from the property, and further that the receivership had damaged the plaintiffs' established business of trading and management of properties, and their reputation in financial and business circles as being dependable and reliable persons in such business, all to their damage in the sum of $100,000. In a second cause of action plaintiffs ask for $25,000 exemplary damages.

The present suit was filed March 7, 1962, in Tulsa County, while the Osage County foreclosure action was still pending. The only pleading from the Osage County suit that appears in the present record is a copy of the petition in such foreclosure action. Attorneys for the parties, in oral argument, inform us the foreclosure suit has been completed by judgment and foreclosure sale of the property. Just what issues were made up by the pleadings therein and the disposition made of them is not shown by the record.

Plaintiffs contend the court erred in sustaining the demurrer to the amended petition. It appears from the briefs that the court concluded the plaintiffs could not maintain an independent action for their alleged damages, but were required to prosecute such action by way of counterclaim in the Osage County suit. Plaintiffs argue the circumstances were such that their alleged damages could not be made the basis of a counterclaim. Defendants argue to the contrary and that failure on the part of plaintiffs to present their claim of damages by counterclaim would make them subject to the bar of res judicata.

The first proposition to be determined is whether, assuming plaintiffs could have used the remedy of counterclaim, they were required to present their action as a counterclaim in the Osage County foreclosure action.

The pertinent portions of our statutes are as follows:

12 O.S. 1961, § 272.

"The answer shall contain:

\*    \*    \*    \*    \*    \*

"Second. A statement of any new matter constituting a defense, counterclaim or set-off, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition.

"Third. When relief is sought, the nature of the relief to which the defendant supposes himself entitled. The defendant may set forth, in his answer, as many grounds of defense, counterclaim, set-off, and for relief, as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both. * * *"

12 O.S. 1961, § 275.

"If the defendant omit to set up a counterclaim or setoff, he cannot recover costs against the plaintiff in any subsequent action thereon; but this section shall not apply to causes of action which are stricken out of or withdrawn from the answer, as in Sections 4749 and 4771. R.L.1910, § 4748."

12 O.S.1961, § 298.

"The court, at any time before the final submission of the cause, on motion of the defendant, may allow a counterclaim or setoff set up in the answer, to be withdrawn, and the same may become the subject of another action; * *."

■ These statutes do not require or compel a defendant to file a counterclaim where one may properly be filed. They are not "compulsory counterclaim" statutes. In fact they provide for permissive counterclaims.

The State of Nebraska has statutes practically identical to those above cited. In Rogers v. Buettgenback, 114 Neb. 834, 211 N.W. 168, the court construed the provisions of the statutes and held it was clear that it was not the intention of the legislature that a defendant should be required to plead any counterclaim which he might have against the plaintiff in the action, and whether the defendant did so was optional with him.

■ In such a situation the plaintiffs as defendants in the Osage County action were subject to the rule set forth in 50 C.J.S. Judgments § 684 b(3), p. 136, as follows:

"As a general rule, where a defendant has an independent claim against plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counterclaim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so, and if he omits to set it up in that action he is not concluded from subsequently asserting such demand, as by afterward bringing a separate action thereon, * * *."

See also 30 A, Am.Jur. Judgments, Sec. 386, p. 434.

■ Under these circumstances the plaintiffs could have, but were not required to file a counterclaim in the other action.

The next proposition is whether the present action of the plaintiffs was a proper subject for a counterclaim in the other action.

In connection with the statutes cited above, our state 12 O.S. 1961, § 273, provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action, after the same has been set aside. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein. Provided, that either party can plead and prove a setoff or counterclaim of the proper nature, in defense of the liability sought to be enforced by the other party, and it shall not be necessary that such setoff shall exist as between all parties plaintiff and defendant in such suit, but any party may enforce his setoff or counterclaim against the liability sought to be enforced against him. Such setoff

or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

The petition in the Osage County foreclosure action set forth a cause of action by alleging, inter alia, the execution of the note and second mortgage by plaintiffs (defendants there) and their default in payment of sums due and taxes, and in failing to keep the property in repair, the probable insufficiency of the security, the right (under the mortgage) to possession of the property, and prayed for personal judgment and foreclosure and appointment of a receiver. In Union Nat. Bank of Okmulgee v. Jones, 152 Okl. 211, 4 P.2d 62, 64, we approved a construction of the clause "connected with the subject of the action," when used in a statute providing that a counterclaim must arise out of the transaction on which the complaint (petition) is based or be connected with the subject of the action, as meaning "connected with the facts constituting the cause of action."

See also Watson v. American Creosote Works, 184 Okl. 13, 84 P.2d 431.

In Fort Worth Lead & Zinc Co. v. Robinson, 89 Okl. 221, 215 P. 205, it is stated:

"While the courts have not arrived at a wholly satisfactory definition of the term 'transaction' as used in the Code provisions relating to counterclaim, it is quite generally agreed that it is broader in meaning than the word 'contract' and includes torts; otherwise, it would not have been employed. It is clear that it was the intention of the framers of the Code that the court in one action might settle all matters in controversy between the parties relating to the contract or transaction, which is the foundation of the action. Therefore any cause of action, whatever its nature, arising out of the cause of action alleged in the petition or connected therewith, in favor of the defendant and against plaintiff, is a proper counterclaim."

Following the case cited immediately above we decided Guy Harris Buick Co. v. Bryant, 108 Okl. 117, 233 P. 752. In that case the plaintiff commenced an action to foreclose a chattel mortgage by filing the petition and issuing summons. Plaintiff took judgment and levied execution on the property and sold the same. Later the judgment was vacated for lack of service of summons, and the defendant filed a counterclaim for conversion of the property by taking under a void execution. Therein it is stated that the problem presented, was "whether or not a tort, which did not occur until after a petition was filed and a summons issued, can be pleaded as a damage and counterclaim." The decision relied upon the above quoted portion from the Fort Worth Lead & Zinc Co. case, and held the counterclaim was proper, and stated:

"Defendant may plead and prove, as a counterclaim, any cause of action he may have against the plaintiff, whatever its nature, arising out of the cause of action alleged in the petition or connected therewith."

As stated, the Osage County foreclosure action alleged a cause of action based on the note and mortgage and stated, as one reason for appointment of a receiver, the provisions of the mortgage relative to the rights of the mortgagees to possession of the property in the event of default. It is also pointed out that in 12 O.S.1961 § 1551, provision is made for appointment of a receiver in an action to foreclose a mortgage where the circumstances therein described are shown to exist. Based upon the above authority we conclude that plaintiffs' claim of damages was a proper subject for counterclaim because it arose out of the cause of action alleged in the foreclosure action and was also connected therewith.

There is precedent in Oklahoma for determining the claim of a defendant for damages for wrongful receivership by means of counterclaim or cross-petition in the action where the receiver was appointed. The question of whether such remedy

was appropriate or available was not raised in these cases, but the matter of liability was treated as being determinable by such procedure. In Wagoner Oil & Gas Co. v. Marlow, 137 Okl. 116, 278 P. 294, this court sustained the contention of a defendant and cross-petitioner that there was a wrongful receivership and reversed the matter for determination of the damages by a trial in the action. In K. C. Oil Co. v. Harvest Oil & Gas Co., 80 Okl. 61, 194 P. 228, the trial court found the receivership of property of a defendant and cross-petitioner was wrongful, and submitted the issues of defendant's damages by reason thereof to a jury, which rendered a verdict for defendant for such damages. The matter was appealed on propositions other than the question of defendant's use of cross-petition for such damages and we affirmed.

Plaintiffs contend any conclusion that their claim for damages constitutes a proper counterclaim is contrary to the general rule that, in order for a debt or demand to be available by way of counterclaim, it must have existed at the commencement of the action. 80 C.J.S. Set-Off and Counterclaim § 27, p. 35 and § 29, p. 38. Braden v. Gulf Coast Lumber Co., 89 Okl. 215, 215 P. 202; Beams v. Young, 92 Okl. 294, 222 P. 952; Conservative Loan Co. v. Sarkey, 92 Okl. 257, 219 P. 107. The answer to this contention is that the effect of our decisions in Fort Worth Lead & Zinc Co. v. Robinson and Guy Harris Buick Co. v. Bryant, supra, is to make the present circumstances an exception to any such general rule. In this connection it is pointed out that the accrual of plaintiffs' alleged cause of action was not dependent on termination of the Osage County case by trial of the issues therein, but had fully accrued during the pendency thereof.

■ Our conclusion on this phase of the controversy is in accord with our statement in Perrault v. Holland, Okl., 360 P.2d 240, in which we said:

"The purpose of statutes relating to counterclaims is to make possible the determination of all controversies growing out of a transaction in one proceeding thus avoiding a multiplicity of lawsuits, and such statutes will be liberally construed in order to carry out said purpose."

Defendants contend in support of the judgment of the lower court that the Osage County action and the judgment therein was conclusive as between the parties, not only as to matters litigated and determined in that case, but as to every other matter which might have been pleaded or given in evidence, whether the same was pleaded or not. Defendants' position is that plaintiffs might have pleaded their counterclaim and are therefore now barred.

■ We have herein determined that our statutes are such as to fall within the general rule that plaintiffs could have made their claim the basis of a counterclaim and their omitting to do so did not conclude them from later asserting the demand by bringing a separate action thereon. This rule of law is subject to the qualification stated in 50 C.J.S. Judgments § 684 b (3), p. 137, as follows:

"* * * The general rule does not apply, however, where the subject matter of the set-off or counterclaim was involved in the determination of the issue in the former action in such wise that the judgment therein necessarily negatives the facts on which defendant would have to rely in order to establish his demand; * * *."

See also 30A Am.Jur. Judgments, Sec. 386, Fischer v. Hammons, 32 Ariz. 423, 259 P. 676, 679; and Gwynn v. Wilhelm, 226 Or. 606, 360 P.2d 312, 314, and cases cited therein.

■ The rule applicable where the two suits are between the same parties on the same cause of action is stated in Powell v. Chastain, Okl., 359 P.2d 336, as follows:

"When the second suit is between the same parties or their privies, and upon the same cause of action as a prior suit, the judgment in the first is an ad-

judication not only as to every question, issue, and fact which was, but also upon those which might have been presented in the first suit."

See also Harding v. Taylor, Okl., 272 P. 2d 443 and Runyan v. City of Henryetta, Okl., 321 P.2d 689.

The rule is different when the second suit is between the same parties but on a different cause of action. In such situation the proper plea is estoppel by judgment and in Runyan v. City of Henryetta, supra, it is stated:

"Where an estoppel by judgment rendered upon one cause of action is sought to be applied to a matter arising in a suit on a different cause of action, the inquiry is whether the matter arising in the latter case is a question of fact actually determined in the former action and not what might have been litigated and determined."

In the Osage County case the cause of action was based on default in payment of the note and mortgage and for foreclosure. In the present case the cause of action is for damages for wrongful receivership. It is obvious that the two actions were upon different causes of action. The applicable rule is that stated in the Runyan case, supra. See Fischer v. Hammons and Gwynn v. Wilhelm, supra, for a similar discussion and conclusion.

It is our conclusion that defendants' contention is without merit.

As stated above, the record before us does not reflect the issues made and determined in the Osage County case. If the record in the Osage County case discloses that a counterclaim growing out of the alleged illegal appointment of a receiver was made an issue in said cause, or a question of fact was actually determined in said cause which made estoppel by judgment applicable, then the judgment of the trial court should stand, otherwise the judgment should be vacated and the cause reinstated. It is for the trial court to apply the rules of law herein set forth upon remand and further proceedings in the cause.

Remanded with instructions to proceed in accordance with the views herein expressed.