### TRACY v. NORVELL et ux.

No. 13043—Opinion Filed July 31, 1923.

1. **Set-Off and Counterclaim—Action on Notes and Mortgages—Cause of Action on Tort as Set-Off.**

In an action to recover on promissory notes given as part of the purchase price of real estate and to foreclose mortgages given on the property conveyed to secure their payment, the defendant cannot plead as a set-off a cause of action arising to defendant upon a tort not previously ascertained by the decision of a court.

2. **Same—Counterclaims—Different Transaction.**

The defendant cannot plead a counterclaim where his cause of action against the

plaintiff arises upon a transaction connected with another conveyance of real property to defendant by plaintiff not arising from or connected with the transaction set forth in plaintiff's petition as the foundation of plaintiff's claim.

### 3. Same — Breach of Covenant for Quiet Enjoyment.

The defendant may plead as a counterclaim a cause of action arising to him upon the plaintiff's breach of covenant of quiet enjoyment contained in the deed conveying the real estate upon which the mortgage is sought to be foreclosed.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Nola Childers Tracy against Woodson E. Norvell and Norma L. Norvell. Judgment for plaintiff for amount claimed less amount awarded defendant on his counterclaim. Plaintiff brings error. Reversed.

R. C. Allen, for plaintiff in error.

M. A. Breckinridge, John B. Turner, Woodson E. Norvell, and Frank F. Allen, for defendants in error.

Opinion by RAY, C. This is an action to foreclose a real estate mortgage. No defense was offered, but the defendants, by their answer, pleaded a counterclaim upon which issue was joined and trial had, which resulted in favor of the defendants upon their counterclaim and, by the judgment, deducted from the demand of the plaintiff. Plaintiff appeals.

The undisputed facts are: December 23, 1918, in consideration of services performed, the plaintiff deeded to the defendant Woodson E. Norvell, by warranty deed, 36 lots in what is now known as Norvell Park addition to the city of Tulsa and, in addition, transferred to him a promissory note in the sum of $10,000. January 2nd, next following, plaintiff deeded to him 69 1-2 lots, being the remainder of the addition, for $42,500, $7,500 cash, and the balance evidenced by four promissory notes of $8,500 each, payable 6, 12, 18, and 24 months after date, each of the notes, signed by him and his wife, secured by a mortgage on a portion of the lots, the four mortgages together covering the 69 1-2 lots. This action was to recover balance due on these notes and to foreclose the mortgages.

Woodson E. Norvell being the interested party in all matters set out in the answer, we will, for convenience, refer to him as the defendant.

August 9, 1919, the plaintiff executed and caused to be filed in the office of the county clerk of Tulsa county this notice:

#### "Notice.

"Notice is hereby given to all parties concerned that the undersigned, Nola Childers Tracy, is the legal owner of the following described real property situated in Norvell Park addition to the city of Tulsa, Tulsa county, Oklahoma, to wit:

(Here is described all the lots conveyed by the deed of Dec. 23, and five lots conveyed by deed of January 2.)

"Notice is further given that the undersigned has employed counsel and will as soon as pleadings can be prepared, institute proceedings to cancel a certain deed executed by the undersigned to Woodson E. Norvell, dated December 23, 1918, and filed for record December 23, 1918 and all other deeds and mortgages purporting to convey or encumber said lots or any of them or any part of them.

"Dated August 8th, 1919,

"Nola Childers Tracy."

Immediately after filing the above notice, she began an action in the federal court in the Western District of Oklahoma to set aside the deed of December 23rd, which was, upon the motion of the defendant, dismissed for want of jurisdiction. Within about 90 days from the filing of the notice the same suit was filed in the district court of Tulsa county. On issues joined the cause was tried and resulted in a judgment for the defendant. Plaintiff appealed, and the judgment was affirmed. (Tracy v. Norvell, 81 Okla. 94, 196 Pac. 929). The mandate was filed in the court clerk's office of Tulsa county April 21, 1921.

The defendant in his answer alleged that in filing the notice and in bringing the suit to set aside the deed of December 23rd, the plaintiff and her husband, who was acting as her agent, were actuated by malice and ill will toward the defendant, and that the same was done for the purpose of harassing and injuring him, and that the suit was brought without probable cause; that he was compelled to expend large sums of money in defending the action; that the notice filed and the allegations of fraud and the alleged incapacity of plaintiff to convey by reason of her being a minor cast a cloud upon the title of all the lots conveyed to him, including those conveyed by deed of January 2nd; that, because of the motion and the pending

action, he was unable to sell any of the lots at their value at any time after the filing of the notice, August 9, 1919, until the coming down of the mandate April 21, 1921; and that during that time the lots were at their highest value. He further alleged, for the purpose of showing some connection between the two transactions of December 23rd, and January 2nd, that it was understood between the parties that in order to make the cash payment of $7,500 in the transaction of January 2nd, he would be compelled to sell one of the lots conveyed to him by deed of December 23rd and to discount the note received from plaintiff at the same time, and that he did sell the lot and discount the note and apply the proceeds to the cash payment. The damages alleged consisted in attorney's fees, the cost of defending the suits, the depreciation in the market price of the lots, the penalties upon delinquent taxes, etc.

It was for the property conveyed in deed of January 2nd that the defendant executed the notes sued on and it was upon the lots conveyed by that deed that the defendant executed the mortgage sought to be foreclosed. The defendant claims that the understanding between the parties at the time of the conveyance of January 2nd, that he was to grade the streets and put in sewers and sell the lots as an addition to Tulsa, and that he would be compelled to discount the $10,000 note and sell one of the lots conveyed to him by deed of December 23rd, to make the cash payment, so connected the two transactions of December 23rd and January 2nd as to make them one transaction. We see no merit in this contention. When the plaintiff and defendant, by agreement, settled all controversies between them by plaintiff deeding the lots and transferring the note to defendant, it made a complete and settled transaction. The evidence shows that negotiations for the sale of the lots to defendant conveyed by deed of January 2nd were begun after the first transaction was closed. When the property was conveyed to the defendant by deed of December 23rd, it left nothing further to be done. The property was conveyed unincumbered and became the property of the defendant, and when the defendant sold one of the lots and discounted the $10,000 note to make the first payment upon the transaction of January 2nd, he was disposing of his own property upon which the plaintiff had no claim of any kind or character. So that, in our opinion, any of the matters complained of relating to the transaction of December 23 cannot be pleaded either as a set-off or as a counterclaim in the action to foreclose the mortgage upon the property conveyed by the deed of January 2nd, for the reason that the statutes do not authorize it.

Originally, every grievance had to be settled by a several action; that is, every separate demand in favor of separate persons had to be separately litigated in distinct actions. The set-off and counterclaim provided by our statute, sections 273, 274 and 275, Compiled Statutes 1921, were unknown at common law. The set-off and counterclaim are creations of the statute. Bliss on Code Pleading (3rd Ed.) 367. Section 275, supra, provides:

"A set-off can only be pleaded in an action founded on contract and must be a cause of action arising upon contract or ascertained by the decision of a court."

Clearly the cause of action set up in defendant's answer does not come within this section for the reason that it arises upon a tort, and not upon a contract, and has not been ascertained by the decision of a court.

The defendant's claim against the plaintiff, in so far as it relates to the transaction of December 23rd, cannot be pleaded as a counterclaim under section 274, for the reason that it does not arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, nor is it connected with the subject of the action. Section 274, supra:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or connected with the subject of the action or on account of a wrongful attachment or garnishment issued and levied in said action after the same has been set aside.   *  *  *"

The views here expressed are in harmony with the previous holdings of this court. Johnson v. Acme Harvester Mach. Co., 24 Okla. 468, 103 Pac. 638; McKay v. Hall & Co., 30 Okla. 773, 120 Pac. 1108; First Nat. Bank v. Thompson, 41 Okla. 88, 137 Pac. 668; Harris v. Warren-Smith Hard. Co., 44 Okla. 477, 144 Pac. 1050; Curlee v. Ruland, 56 Okla. 329, 155 Pac. 1182; Mowat v. Shidler, 66 Okla. 303, 168 Pac. 1169.

Defendant contends that the fact that the plaintiff's action to set aside the deed of December 23rd, was brought by her as a minor, by her husband and next friend, together with the allegation in the petition

that she was a minor, cast a cloud upon defendants title and kept prospective buyers from buying the lots conveyed by deed of January 2nd. But the allegation of the petition itself does not justify that conclusion. The title of that case was "Nola Childers Tracy, a minor, by her husband and next friend, Forrest R. Tracy and Nora Childers Tracy v. Woodson E. Norvell," but the allegation in the petition itself shows that at the time of filing the petition and at the time of the execution of the deed, January 2, 1919, she was not a minor. That allegation is as follows:

"That plaintiff is a member and citizen of the Osage Tribe of Indians, and as such member and citizen, she was enrolled opposite No. 1070 of the approved rolls of Osage Indians and was given an allotment as such enrolled citizen in said Nation; that petitioner was born on the 25th day of December, 1899, and she is therefore under the Osage Allotment Act approved June 28, 1906, 34 Stat. L. 539, being an act for the division of the lands and funds of the Osage Indians in Oklahoma Territory, and for other purposes. a minor member and citizen of said tribe, and as such, enjoys all the rights and privileges and is entitled to all the protection afforded by such membership. * * *"

This allegation shows that she was 18 years old prior to the execution of the deed of January 2, 1919, and not a minor under the law of this state, and for that reason did not cast a cloud upon the title of the defendant's property conveyed by that deed.

It being understood between the parties at the time of the conveyance of January 2nd, and the execution of the mortgage sought to be foreclosed, that the deferred payments were to be met by the sale of lots covered by the mortgage, we are of the opinion, under the authority of Akerly v. Vilas, 23 Wis. 207, that whatever cause of action the defendant had against the plaintiff for breach of her covenant of quiet enjoyment by the filing of the notice of August 9, 1919, in so far as such notice affected the market value of the lots described in the mortgages, or affected the defendant's ability to meet the deferred payments, to his detriment, was a cause of action connected with the transaction set forth in the petition as a foundation for plaintiffs claim and could properly be pleaded as a counterclaim. In Akerly v. Vilas, supra, the counterclaim was allowed upon the ground that the cause of action was for breach of plaintiff's covenant of quiet enjoyment contained in the deed of conveyance to defendants. In this case the deed of January 2nd does not contain any express convenant of quiet enjoyment, but

it is a warranty deed made in substantial compliance with section 5283, Comp. Stat. 1921, and by the express provisions of section 5259, Comp. Stat. 1921, carries with it such covenant, even though not written in the deed.

"A warranty deed made in substantial compliance with the provisions of this chapter shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, and shall be deemed a covenant on the part of the grantor that at the time of making the deed he is legally seized of an indefeasible estate in fee simple of the premises and has good right and full power to convey the same; that the same is clear of all incumbrances and liens, and that he warrants to the grantee, his heirs and assigns, the **quiet and peaceable possession thereof**, and will defend the title thereto against all persons who may lawfully claim the same; and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs and personal representatives as if written at length in such deed."

The plaintiff offered to prove that the description of lots 1, 2, 3, 7 and 8, block 13, included in the deed of January 2nd was inadvertently and unintentionally included in the notice complained of. We are of the opinion that such evidence was admissible in mitigation of damages.

We think this cause should be reversed.

By the Court: It is so ordered.