## ABRAHAM v. STATE ex rel. MOTHER-SEAD.

No. 16257—Opinion Filed March 23, 1926.

Set-Off and Counterclaim—Cause of Action from Tort not Set-Off in Action on Note.

In an action to recover on a promissory note the defendant cannot plead as a set-off a cause of action arising to defendant from a tort not reduced to judgment by the decision of a court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by the State of Oklahoma ex rel. O. B. Mothersead, acting Bank Commissioner, against Ed Abraham. Judgment for plaintiff, and defendant brings error. Affirmed.

Cheatham & Beaver, for plaintiff in error.

L. K. Pounders and M. W. McKenzie, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the superior court of Creek county on June 6, 1924, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, for the recovery on a promissory note in the sum of $2,889.70, with interest at the rate of 10 per cent. per annum from April 2, 1924, together with at- torneys' fees and costs. The parties will be referred to as they appeared in the trial court.

A copy of the note was attached to the petition dated November 2, 1923, made pay- able to the First State Bank of Bristow,

Okla., in the amount above stated, and fall- ing due January 2, 1924. The petition fur- ther alleged that on January 2, 1924, the First State Bank of Bristow was declared insolvent and was taken in charge by the Bank Commissioner. To this petition the de- fendant filed his answer and cross-petition, consisting, first, of a general denial, and, sec- ond, an admission that the First State Bank of Bristow was declared insolvent on Janu- ary 9, 1924, and that the plaintiff, as act- ing Bank Commissioner of the state of Ok- lahoma, took charge of all the assets of said bank and is now the holder and in posses- sion thereof.

In his cross-petition the defendant states that he is the owner of lot 6, block 60, city of Bristow, on which is located a brick busi- ness building suitable for banking house pur- poses; that on the 22nd day of December, 1917, the defendant leased to the First State Bank of Bristow for a period of ten years from said date the ground floor room of said building. A copy of said lease contract is attached as an exhibit to the answer and cross-petition, and recites that the rental in said contract provided was $100 per month.

Defendant alleges that the First State Bank entered into possession of said build- ing and continued in the occupancy thereof until the 9th day of January, 1924, at which time the plaintiff took possession; that the First State Bank failed to pay the rental on said building, as provided in said con- tract, on the 1st day of January, 1924, and failed to pay rental as provided in the contract on the 1st day of February, 1924, and that the said contract thereby became forfeited under its terms; that on the 12th day of February, 1924, defendant caused to be served upon the plaintiff and to the of- ficers of said bank a written notice cancel- ing said contract and declaring the same at an end for the failure to pay the rentals then due, and demanding the possession of said property. Defendant further alleges that as a result of the breach of said con- tract he has suffered damages and is en- titled to double the value of the yearly rent- al of said premises, and alleges that the value of the yearly rental thereof is $3,000 per annum, and that under the law of this state in such cases the defendant has been damaged and will be damaged in the sum of $24,000. The answer and cross-petition con- cludes with the prayer that the defendant have judgment in the sum of $24,000.

The plaintiff filed his demurrer to the cross-petition of the defendant, which was sustained by the court, and the defendant electing to stand upon the answer and cross-

petition, judgment was rendered against the defendant for the sum of $3,105.80, and the costs of the action, including attorney's fee.

Motion for new trial was overruled, and the cause comes regularly on appeal by the defendant to this court for review upon petition in error and transcript of the record attached.

The principal proposition presented and discussed by counsel for defendant is that the decisions of this court are to the effect that the cross-petition in the instant case can be maintained as an offset to the plaintiff's cause of action, and that therefore the court erred in sustaining the demurrer to the said cross-petition.

"A set-off can only be pleaded in an action founded on contract, and must be a cause of action arising upon contract, or ascertained by the decision of a court." Section 275, C. S. 1921.

This statute was taken from Kansas, and in the early case of Carver v. Shelley & Co., 17 Kan. 472, 474, Justice Valentine, speaking of the defense tendered, says:

"The defendant does not claim that his supposed set-off is a counterclaim, and it is not. It has no connection with the 'foundation' or 'subject' of the plaintiff's action (Civil Code, sec. 95). Neither is his supposed set-off, a set-off. A set-off 'must be a cause of action arising upon cotract, or ascertained by the decision of a court' (Civil Code, sec. 98). There is no pretense in this case that the defendant's set-off is founded upon any contract, or upon the decision of any court. It is founded purely and entirely upon a tort."

In the recent case of Tracy v. Norvell, 92 Okla. 240, 219 Pac. 384, it is held in the first paragraph of the syllabus:

"In an action to recover on promissory notes given as part purchase price of real estate and to foreclose mortgages given on the property conveyed to secure their payment, the defendant cannot plead as an offset a cause of action arising to defendant upon a tort not previously ascertained by the decision of a court."

Defendant alleges in his cross-petition that by reason of the breach of the lease contract and the terms thereof, by the service of notice, and the unlawful withholding of the possession of said building by the plaintiff, defendant is entitled to double value of the yearly rental of said premises, and further alleges that the defendant has been damaged and will be damaged in the sum of $24,000. Thus the pleader attempts to bring himself within the provision of section 6005, C. S. 1921, which provides that double rental shall be "the measure of damages" for holding over.

We do not understand counsel for defendant to take the position that his cross-petition is not founded in damages. As we understand the argument it is that the defendant may maintain set-off notwithstanding that fact, and numerous cases decided by this court are cited in support of the contention made.

In the case of Braden v. Gulf Coast Lbr. Co., 89 Okla. 215, 215 Pac. 202, cited by defendant, a careful examination of the case leads to the conclusion that the opinion is based upon the theory that the matters pleaded by defendant were founded upon contract. It is said in the opinion:

"These statutes (secs. 273, 274, 275, C. S. 1921), are clearly applicable to this case. The defendant in error having declared upon a contract, upon which he seeks to recover in this case, the plaintiff in error was entitled to offset the claim arising to him by virtue of any contract due by the defendant in error."

The next case cited by defendant is Ft. Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 Pac. 205. The pleading in that case was clearly a counterclaim. In the fourth paragraph of the syllabus it is held:

"A defendant may plead and prove, as a counterclaim, any cause of action he may have against the plaintiff, whatever its nature, arising out of the cause of action alleged in the petition or connected therewith."

The law relating to set-off was not discussed or decided in the case cited.

The next case referred to by the defendant is that of Farmers & Merchants Nat. Bank v. Huckaby, 89 Okla. 214, 215 Pac. 429. In the body of the opinion the court quotes with approval from the case of Fanson v. Linsey, 20 Kan. 235, to this effect:

"Whenever one person commits a wrong or tort against the estate of another, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply or presume a contract on the part of the wrongdoer to pay to the party injured the full value of all benefits resulting to such wrongdoer. And when the injured party elects to waive the tort, his cause of action may be used as a set-off."

In the instant case the defendant did not waive the tort and sue upon an implied contract. According to the allegations of the cross-petition the building in question is reasonably worth the sum of $3,000 per year, or $250 per month. The contract is alleged to have been breached in January and Feb-

ruary, 1924. The answer and cross-petition was filed June 27, 1924. The reasonable rental value then due would have been $1,500 with interest thereon. This sum, with the interest, would have constituted "the full value of all benefits resulting to such wrong-doer" under the Kansas decision referred to in the Farmers & Merchants Nat. Bank Case, supra.

It will be observed that the defendant, instead of suing upon the implied contract for such sum, sued for damages in the sum of $24,000.

Other cases are cited by defendant, and they have been examined: Conservative Loan Co. v. Sarkey, 92 Okla. 257, 219 Pac. 107, in which the loan company sued Sarkey upon a note and mortgage. One Oliver, who had executed these instruments, was brought into the case properly, and he pleaded a set-off because of the withholding of a part of the funds which he should have received when the mortgage was executed. The court held that the funds referred to as withheld constituted a proper set-off.

Among the assets which passed from the First State Bank of Bristow was a past-due note executed by the defendant, and this action was instituted against the note. By his answer the defendant admitted that he owed the sum of money represented by the note. Having been sued by the state the defendant had a right to defend against that particular action. By his cross-petition the defendant sought to institute an entirely different action involving a different subject-matter, and asked the court to offset one action against the other, or to give judgment over against the plaintiff in favor of the defendant. The defendant had a claim for unpaid rent, and under the provisions of the Act of the Legislature, approved March 22, 1924, Sess. Laws 1923-24. page 93, title to failed banks' assets was vested in the state, and a complete system for the presentation of claims against failed banks is provided.

The plaintiff is, as a matter of course, liable to the defendant for the use of the building upon an implied contract on the basis of quantum meruit. Defendant's cross-petition was not framed upon that basis, but upon the theory that he was entitled to double value of the yearly rental, which he alleged to be $3,000 per annum. for the entire period expressed in the lease to the First State Bank, and further alleges that he has been therefore damaged and will be damaged in the sum of $24,000, for which sum he asks judgment. The cross-petition, whether it be classed as a counterclaim or set-off, is founded in tort.

We conclude that the matters and things alleged in defendant's cross-petition do not arise out of the contract and transaction set forth in the petition as the foundation of plaintiff's claim, and that the cause of action set up in defendant's cross-petition does not come within section 275, C. S. 1921. Nation v. Planters & Merchants Bank, 29 Okla. 819, 119 Pac. 977; First Nat. Bank v. Thompson, 41 Okla. 88, 137 Pac. 668; Harris v. Warren-Smith Hardware Co., 44 Okla. 477, 144 Pac. 1050; Tracy v. Norvell, 92 Okla. 240, 219 Pac. 384.

We think the demurrer was properly sustained, and the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See 34 Cyc. p. 704.