## HOLMES v. CAREY, LOMBARD, YOUNG & CO.

No. 22399.  Sept. 25, 1934.

Oril L. Barney, for plaintiff in error.

J. B. Dudley, for defendant in error.

WELCH, J. The parties will be referred to as they appeared in the trial court, where the Carey, Lombard, Young & Company, a corporation, was plaintiff, and J. W. Holmes was defendant. The plaintiff declared on a promissory note for $200 executed by the defendant, past due and unpaid. The defendant admitted execution of the note and that it was unpaid, and for further answer alleged that the note was given as part payment for certain building material, to wit, stucco, purchased from the plaintiff to complete a certain dwelling house; that in said purchase the plaintiff guaranteed to the defendant that the stucco was of good material, free from defects, and that said stucco would be durable and would give complete satisfaction to the defendant for the purpose for which it was to be used, upon condition that defendant would employ a workman recommended by the plaintiff to apply the stucco. Defendant further alleged that, although he did employ a person recommended by the plaintiff to put on the stucco, the same was defective as to both the material and workmanship, and that it failed of its purpose, and that there was breach of the plaintiff's warranty or failure in the plaintiff's guarantee to the defendant's damage in the sum of $650. The plaintiff replied by general denial.

Upon trial of the cause the defendant assumed the burden of proof of his answer and introduced his evidence. The plaintiff's general demurrer to the defendant's evidence was sustained, and judgment was rendered for plaintiff for the sum sued for, and the

question for our determination is whether the demurrer was properly sustained, or whether the evidence of the defendant was sufficient as against plaintiff's demurrer.

This court has often held that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. On a demurrer to the evidence the court cannot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant. See Ziska v. Ziska et al., 20 Okla. 634, 95 P. 254, and subsequent citations of that authority as shown on page 37 of Shepard's Oklahoma Citations, Second Edition.

With these rules in mind we have considered the testimony offered by the defendant as shown by the record. That testimony shows the defendant was constructing a building to be occupied as his home; that he was not familiar with the use of stucco in completing the exterior of a building; that he purchased this stucco from the plaintiff, and that the plaintiff specifically guaranteed the quality of the stucco, and that it would give complete satisfaction, and would be durable and would not crack, and would remain uniform and serviceable if it was applied by a competent workman such as the plaintiff could and would recommend; that the defendant employed the man recommended by plaintiff; that defendant undertook to give no directions as to how the stucco should be used or applied, because he was not familiar with it; that while the stucco was being applied, he, the defendant, observed defects in it, indicated, as he understood, by the difference in the coloring, or lack of uniformity in the coloring, and that within a brief period after the work was completed serious cracks appeared in the stucco and widened rapidly, and resulted in the damage alleged in defendant's answer. The evidence further shows that the defects and cracks in the stucco were called to the attention of the plaintiff, and the plaintiff promised to replace the stucco and repair the cracks and the damage, but had failed to do so, resulting in the defendant's refusal to pay the note, and the filing of this action.

In the trial court, as disclosed by the plaintiff's opening statement to the jury, it was the plaintiff's contention that no guaranty was made either on the material or the workmanship; that the failure of the stucco to hold and retain its uniformity was caused by improper construction of the building before the stucco was applied, and that the cracks were caused by the settling of the building, and without any defect in the stucco or in the workmanship in applying the stucco. It was further contended by the plaintiff that the note for $200 was given in payment of a material bill on another building, and not in any manner connected with the building on which the stucco was used. However, since the plaintiff's general demurrer was sustained, no testimony was offered by the plaintiff.

The testimony of the defendant is fairly susceptible of the construction that it established the allegations of his answer, and there being no evidence offered by the plaintiff, and the evidence of the defendant being taken as true for the purpose of the demurrer, we must conclude that the defendant's evidence established that the plaintiff made the warranties and guaranties alleged by the defendant, and that there was such failure as would create issues of fact to be determined by the jury as to the defendant's rights in the matter.

The plaintiff argues in his brief that the defendant's evidence was not sufficient to show that the cracks in the stucco and the failure of the stucco was the result of the poor quality of the material. We conclude that, as against a general demurrer, the defendant's evidence, fully assumed to be true, was sufficient to establish poor quality of the stucco; however, the defendant's answer alleged, and the evidence established, that the plaintiff guaranteed not only the quality of the material, but the use and success of the stucco as an outer covering of the building. Whether the plaintiff made this all inclusive guarantee or not, we do not know as a matter of final fact, but upon the assumption that the evidence was true, the plaintiff did recommend the workman to apply the stucco, and did make the guarantee alleged by the defendant, and the stucco did not meet the degree of stability, nor give in reasonable measure the satisfaction guaranteed by the plaintiff, and damage resulted therefrom.

The defendant also urges error in the action of the trial court in striking the last paragraph of the reply of defendant as being a departure from the answer and defense and cause theretofore alleged in defendant's answer. We do not consider that question further for the reason that, as we view the record, the cause must be remanded for a new trial, and prior to the retrial of the cause the defendant, under the general practice, may seek permission to make any

desired amendments to his answer, to the end that he may more completely present his defense or cause of action against the plaintiff.

We conclude that the evidence of the defendant was sufficient to withstand the general demurrer of the plaintiff, and that the trial court erred in sustaining the general demurrer.

The judgment in favor of plaintiff is therefore reversed, and the cause remanded with directions to grant the defendant a new trial, with all his original rights to present amendments in the interest of justice.

RILEY, C. J., and OSBORN, BAYLESS, and BUSBY, JJ., concur.