SANDERS v. STREET'S OF TULSA.

No. 33576. Feb. 14, 1950.

*214 P. 2d 910.*

Norman Barker, of Tulsa, for plaintiff in error.

Samuel A. Boorstin, of Tulsa, for defendant in error.

CORN, J. Plaintiff brought suit in the common pleas court to recover $592.45, the value of merchandise purchased by defendant on open account

between 1939-1946. The case thereafter was transferred to the district court.

Defendant then filed an amended answer and cross-petition, to wit:

"1. That during the years commencing with 1939, 1940, 1941, 1942, 1943, 1944, 1945, 1946, she entered the service and employ of said plaintiff running a men's and women's clothing and furnishing store, engaged in the sale of clothing and merchandise suitable for wearing apparel, on a verbal contract, with Irving Holt, who at said time was the manager of said store, and she was an all-time employee of said plaintiff, being employed as a saleslady, always under the direction and service of said Irving Holt, the manager, in the plaintiff's store, at Fifth and Main Streets, in the City of Tulsa, Oklahoma, and that during such period of time she was required in the normal course of her employment, to work for the said plaintiff, in plaintiff's store, as such saleslady, for a period of 40 hours per week, at wages stated in her account and cross-bill duly itemized and hereto attached under mark of 'Exhibit A' and made a part of this her amended answer and cross-petition to the plaintiff's petition on file herein, and that defendant did overtime work and performed special services on Saturdays and Sundays and Christmas seasons, during said years, the said plaintiff became and is now justly indebted to this defendant in the sum of $6,036.95 upon her cross-bill; and that after allowing all just offsets in the amount of plaintiff's claim against this defendant, she is entitled to recover of, from and against the plaintiff the sum of $5,444.-50, for which she comes into this Court and prays judgment, together with her costs expended in this case, for such overtime work."

Plaintiff filed motion to make the amended answer more definite and certain, a demurrer to the amended answer and cross-petition, and a motion to strike.

Upon a hearing the trial court made the following order:

"(1) That the plaintiff's Motion to Make More Definite and Certain be and the same is hereby sustained and the defendant is hereby granted ten (10) days within which to file an amendment to said Answer setting forth the legal facts, if any she has, why she denies the indebtedness after having admitted in such pleading that she had purchased the items of merchandise sued for by plaintiff; and that unless such amendment is so filed within ten (10) days, the allegations of denial of indebtedness in said Answer shall be stricken.

"(2) It is Further Ordered, with reference to the Cross-Petition filed on the 1st day of December, 1947, and designated as 'Answer and Cross-Petition', that the same be stricken for the reason that said Cross-Petition and the facts therein contained do not arise out of the contract or transaction and are not connected with the subject matter of the plaintiff's action against said defendant and cross-petitioner, and, upon plaintiff's motion to strike the same, it is ordered that the same be and it is hereby stricken."

The assignments of error relied upon for reversal may be considered under one proposition, i.e., whether or not the trial court erred in striking the cross-petition.

In section 273, Title 12, O. S. 1941, it is provided:

"Any party may enforce his set-off or counterclaim against the liabilities sought to be enforced against him. Such set-off or counterclaim shall not be barred by the statutes of limitations until the claim of the plaintiff is so barred."

Horstman v. Bowermaster, 90 Okla. 262, 217 P. 167, paragraph 2 of the syllabus:

"2. Pleading — 'Cross-Petition' — Answer. An answer which alleges facts upon which affirmative relief may be granted and such affirmative relief is asked for in the answer, the answer will be treated as a cross-petition regardless of the name given it by the pleader."

Holmes v. Carey Lombard Young & Co., 169 Okla. 97, 36 P. 2d 8, paragraph 2 of the syllabus:

'2. Same—Bills and Notes — Demurrers to defendant's evidence in support of counterclaim or set-off in action on note held improperly sustained. In an action upon a promissory note, where the defendant admits execution of the note, but his pleadings and evidence show facts which entitled him to relief by counterclaim or set-off, it is error to sustain a demurrer to the defendant's evidence and render judgment for the plaintiff."

In Braden v. Gulf Coast Lumber Co., 89 Okla. 215, 215 P. 202, paragraphs 3 and 4 of the syllabus, we held:

"3. In an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same."

"4. The validity of a counterclaim or set-off is to be determined by the inquiry, whether or not the substance of the facts stated would constitute a cause of action on behalf of the defendant against the plaintiff, if the plaintiff had not sued defendant."

From an examination of the answer and cross-petition, we find there is no allegation contained therein that there was a contract obligating the plaintiff to pay her for her overtime work. In the absence of such allegation it will be presumed that the monthly salary she received from the plaintiff paid her in full for all the services she rendered under the terms of the contract stated in her answer and cross-petition.

As reflected by the answer and cross-petition the defendant did more than $6,000 overtime work for the plaintiff, covering a period of about eight years without receiving any pay whatsoever, from the plaintiff, for such work, thus creating a circumstance almost unbelieveable. Certainly, under such a circumstance, and in the absence of a specific allegation pleading a counterclaim or set-off, there is not any defense to the plaintiff's cause of action stated. To constitute a counterclaim she would have to allege that her defense arose out of the same transaction upon which the plaintiff based his cause of action.

To constitute a set-off she would have to plead the plaintiff was owing her by virtue of a contract.

In the answer and cross-petition there is a failure to allege either.

Judgment affirmed.

DAVISON, C. J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.