2009 OK CIV APP 99

**Karen NELSON, Trustee of the Revocable InterVivos Trust of Karen Nelson, Dated May 4, 1989, Plaintiff/Appellant,**

**v.**

**LINN MIDCONTINENT EXPLORATION, L.L.C., f/k/a Dominion Midcontinent Exploration, L.L.C., Defendant/Appellee.**

**No. 105,751.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 4, 2009.

Certiorari Denied Nov. 30, 2009.

Gregory L. Mahaffey, Cody Joe McPherson, Mahaffey & Gore, P.C., Oklahoma City, OK, for Appellant.

Rob F. Robertson, E. Talitha Ebrite, Gable Gotwals, Oklahoma City, OK, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Plaintiff/Appellant Karen Nelson, Trustee of the Revocable InterVivos Trust of Karen Nelson, Dated May 4, 1989, seeks review of the trial court's order granting the motion for summary judgment of Defendant/Appellee Linn Midcontinent Exploration, L.L.C., f/k/a Dominion Midcontinent Exploration, L.L.C., on Plaintiff's claims to recover allegedly due and unpaid mineral royalties. In this accelerated review proceeding, Plaintiff challenges the trial court's judgment as affected by errors of both law and fact.

¶ 2 Plaintiff commenced the instant action, asserting that she owned an overriding royalty interest in oil and gas produced and sold by Defendant, and that Defendant both failed to pay her the share of the payments from production to which she was entitled, and improperly deducted "mesne" charges from her share of the payments from production for "certain items including marketing, compression, gathering, transportation[, . . . ]

treating and 'miscellaneous deductions.' " Plaintiff accordingly sought an accounting and damages for violation of the Oklahoma Production Revenue Standards Act, 52 O.S. § 570.1, et seq., and conversion.

¶ 3 Defendant answered, and denied liability. Defendant asserted it properly withheld charges due from Plaintiff on other wells from the production proceeds to which Plaintiff claimed the right to payment.

¶ 4 Plaintiff then filed a motion for partial summary judgment. Plaintiff presented evidentiary materials demonstrating her ownership of an overriding royalty interest in production by Defendant, Defendant's nonpayment, and argued that Oklahoma law proscribed the recovery of overpayments attributable to one well from the production payments due from a different well. *See, Shanbour v. Phillips 66 Natural Gas Co.,* 1993 OK 128, 864 P.2d 815.

¶ 5 On the same day, Defendant also filed a motion for partial summary judgment. Defendant presented evidentiary materials demonstrating the overpayment of royalties to Plaintiff from the Merrick 7–C well in Roger Mills County, Oklahoma, and from the Clay 1–5 well in Caddo County, Oklahoma, its recovery of those overpayments from the revenue attributable to those wells, and asserted that Oklahoma law permitted such a recoupment of the overpaid royalties.

¶ 6 The trial court granted the motion for summary judgment of Defendant, and denied the motion for summary judgment of Plaintiff.[1] Plaintiff appeals,[2] and the matter stands submitted on the trial court record.[3]

¶ 7 "A '*recoupment*' is the 'right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the *same* contract.' " *Bank of Oklahoma, N.A. v. Briscoe,* 1995 OK CIV APP 156, ¶ 25, 911 P.2d 311, 318. (Cita-

---

1. Plaintiff accepted Defendant's offer to confess judgment on the claim of improper deduction of expenses.

2. On the parties' joint applications representing the impending settlement of this appeal, the

Court has delayed disposition of this case since February 2009.

3. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S. 2001, Ch. 15, App.

tions omitted.) (Emphasis added.) "[T]he defining characteristic of *set-off* is that the mutual debt and claim are generally those arising from *different* transactions." 80 C.J.S., Set-off and Counterclaim, § 38 (West 2009). (Emphasis added.) Consequently, "[i]n an action against one upon a contract, he may offset or plead as a defense thereto any claim arising to him by virtue of any contract with the one instituting the same." *Sanders v. Street's of Tulsa,* 1950 OK 41, ¶ 0(1), 202 Okla. 427, 214 P.2d 910, 911.

¶ 8 Further, and regardless of the characterization as set-off or recoupment, it goes without saying that, in an appropriate circumstance, overpayments of royalty made by mistake may be recovered from the payee. 3 Williams, Oil and Gas Law, § 657; 3 Kuntz, A Treatise on Oil and Gas, § 42.8. Oklahoma clearly follows this rule: "The Court of Appeals correctly decided that overpayments of royalty due to a mistake of fact may be recovered from the payee." *Shanbour v. Phillips 66 Natural Gas Co.,* 1993 OK 128, ¶ 6, 864 P.2d at 817. (Footnote omitted.)

¶ 9 In the present case, it is uncontroverted that Plaintiff was paid more than that to which she was entitled from the Merrick 7–C well in Roger Mills County, Oklahoma, and from the Clay 1–5 well in Caddo County, Oklahoma, and Defendant was entitled to recover the overpayments, either as a matter of recoupment or set-off. Nothing in *Shanbour* or the Oklahoma Production Revenue Standards Act proscribes the offset of revenue due from one well against the overpayment of revenue attributable to another well. The equitable doctrine of set-off permits the set-off of an obligation under one contract against the obligation of any other contract between the same parties, so that Defendant could properly recover overpayments on one well against the amounts due Plaintiff from the other.

¶ 10 The order of the trial court is AFFIRMED.

HANSEN, P.J., and MITCHELL, C.J., concur.